Upon the trial at Bladen, on the last circuit, before his Honor, JudgePearson, it appeared that the defendant was in possession of a tract of land to which one Meredith had title either in severalty or as a tenant in common with the defendant; that Meredith and the plaintiff under his authority, entered upon the land in the absence of the defendant, and broke open and entered a house there situate, and carried a loom, bed, and several other articles of personal property belonging to the defendant from the house into the yard, and then returned into the house with the view of staying there all night; that between midnight and daybreak the defendant, in company with one William Anders, came to the house and having by a stratagem prevailed upon Meredith to open the door jerked him out and knocked him down, then rushed into the house and knocked the plaintiff down, and as he was attempting to rise knocked *Page 310 
him down again. That at this instant William Anders, who was holding a gun for the defendant, came to the door and the defendant seeing him and supposing him to be Meredith, knocked him down, when Meredith and the plaintiff made their escape. All this knocking down was done with a large hickory stick loaded with lead at both ends, and it was proved that at the first blow which the plaintiff received three of his teeth were knocked out and his jaw bone fractured. He was a weakly old man and the defendant was a man of great strength, in the prime of life.
(389) For the plaintiff it was insisted that the land belonged to Meredith in severalty, but if it did not, and he was but a tenant in common with the defendant, yet as the plaintiff was there under the authority of Meredith the defendant had no right to treat him in the manner proven.
The defendant insisted that he was a tenant in common with Meredith, and as such had a right to inflict the battery upon the plaintiff — taking a distinction between the tenant in common and one who, like the plaintiff, was there by the authority of his co-tenant. His Honor charged the jury "that it was not necessary to decide whether Meredith had a right to the land in severalty or was but a tenant in common with the defendant, for if he was but a tenant in common he had a right to enter and to take with him the plaintiff, and the defendant was not justified in committing a battery upon him. That the distinction taken by the defendant's counsel was not supported by law."
His Honor added "that if the jury found for the plaintiff the amount of damage was a matter for their consideration; that usually and as a general rule in actions of this nature the plaintiff had a right to expect a fair compensation in damages for the injury really sustained; as for the loss of time when by the act of the defendant he was rendered unable to attend to business, and the expense of calling in a physician, or the actual loss in being deprived of a tooth; but in addition to this the jury were sometimes called on to increase the amount of damages by adding on something by way of punishment, when it appeared that the defendant was actuated by malice and a total disregard of the laws, and the plaintiff was in no wise to blame. That in this case if the defendant honestly believed he was entitled to the land and that the plaintiff, as a mere volunteer and hireling, had willfully trespassed upon his rights, and in the heat of passion the defendant had inflicted the injury, the case would not call for vindictive damages. But if the defendant had done all this violence actuated by a total disregard of the rights of others, and a reckless disposition to have his own way in despite of consequences, it would present a case in which the jury would be authorized to punish by exemplary damages." The plaintiff had a verdict for *Page 311 
$200 damages, and the defendant moved for a new trial for error (390) in the charge in not sustaining the distinction taken, and upon the question of damages. The motion was overruled and the judgment pronounced, from which the defendant appealed.
We have examined this case and are of the opinion that the charge of the judge, as to the law, and the reasons given by him on both points in the cause, are correct. The judgment will, therefore, be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Mills v. Carpenter, 32 N.C. 301; Louder v. Hinson, 49 N.C. 371;Sowers v. Sowers, 87 N.C. 307; State v. Powell, 97 N.C. 420;Hansley v. R. R., 115 N.C. 612.
(391)